**Charles L. AMANT, Appellant,**

v.

**KIDDE, INC., a corporation and Lucca Liquidating Company, a corporation, Appellees.**

**No. 84–2044.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1985.

Decided March 13, 1985.

**686**

Theodore Dolney, Vermillion, S.D., for appellant.

Michael F. Peiplow, Sioux Falls, S.D., for appellees.

Before ROSS and BOWMAN, Circuit Judges, and SCHATZ,* District Judge.

PER CURIAM.

Charles Amant had been employed since 1968 in a managerial capacity by a division (ElectroMagic) of a subsidiary (Dura Corporation) owned by Kidde, Inc. The subsidiary had adopted a bonus incentive plan for its managers in 1965. This plan, which was last amended in 1978, provided for "Earned Performance Awards" and "Personal Achievement Awards."

Amant filed this suit claiming that he is entitled to a $10,000 Earned Performance Award for his efforts in 1981 and an $8,000 Personal Achievement Award for his efforts in connection with a products liability action against the company. He further claims that the $10,000 bonus must be doubled, pursuant to a South Dakota statute which provides for double damages where an employer has been "oppressive, fraudulent, or malicious, in his refusal to pay wages due to the employee." SDCL § 60-11-7.

After a bench trial, the district court found for the defendants on the basis that the bonuses were payable at the employer's discretion and, as such, Amant had no. legally enforceable claim to a bonus under

* The Honorable ALBERT G. SCHATZ, United States District Judge for the District of Nebras-

South Dakota law. *See Bushman v. Pure Plant Food International, Ltd.*, 330 N.W.2d 762, 765–66 (S.D.1983). The district court's holding was based on the fact that the terms of the bonus incentive plan made the awarding of any bonuses discretionary with the company's bonus plan committee. The court also relied on a review of the bonuses paid to Amant since 1969. From this review, the court concluded that a discretionary decision as to bonuses was made each year, as the amount of the bonus awards did not appear to be based on any fixed schedule or method of computation.

Amant now appeals. We have carefully studied the record, including the district court's opinion and the briefs of the parties to this action. We find no merit to Amant's arguments. Accordingly, we affirm the judgment of the district court. *See* 8TH CIR.R. 14.